**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

ALBERT JENKINS, *et al.*,

         *Plaintiffs*,

v.

NATIONAL RAILROAD CORPORATION,

         *Defendant*.

</td><td>

Civil Action No. 19-2414 (RDM)

</td></tr>
</table>

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs Albert Jenkins and Jody Johnson, proceeding *pro se*, bring this damages suit against the National Railroad Corporation ("Amtrak") for allegedly discriminatory and tortious actions taken against them by Amtrak employees during a train trip. Dkt. 1. Amtrak moves to dismiss the complaint under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), arguing that the complaint fails to provide fair notice of Plaintiffs' claims and fails to state a claim upon which relief can be granted. Dkt. 8-1 at 3–8. Amtrak also moves to dismiss Johnson's claim on the ground that Jenkins is not a lawyer and cannot bring claims on behalf of other persons or, alternatively, a conflict of interest precludes Jenkins from representing both himself and Johnson. *Id.* at 8–9. Although advised by the Court of the need to respond to Amtrak's motion and cautioned about the consequences of failing to do so, over six months have passed since Plaintiffs' deadline to respond, and they have yet to file an opposition. *See* Dkt. 9; Minute Order (Jan. 7, 2020). Despite Plaintiffs' failure to respond, the Court has reviewed the merits of the motion along with the relevant pleadings. For the reasons explained below, the Court will

**GRANT** Amtrak's motion and will **DISMISS** Plaintiffs' complaint but will provide Plaintiffs

with the opportunity to file an amended complaint.

## I.  BACKGROUND

Unless otherwise indicated, the following facts are derived from Plaintiffs' complaint

and, for the purposes of Amtrak's motion to dismiss, are taken as true.  *See McNeil v. Duncan*,

No 19-694, 2020 U.S. Dist. LEXIS 57390, at *3 (D.D.C. Mar. 31, 2020) (citing *Hishon v. King*

*& Spalding*, 467 U.S. 69, 73(1984)).

Plaintiffs suffer from several medical conditions.  "Jenkins is a senior citizen who . . . had

undergone surgery for varicose veins in his left leg" shortly before the alleged incident and who

also "suffers from gout[] and obesity."  Dkt. 1 at 2 (Compl. ¶ 8).  "Johnson suffers from high

blood pressure, obesity, and cognitive mental disabilities."  *Id.* (Compl. ¶ 9).  Plaintiffs receive

"Disability Discounts from Amtrak because of their medical conditions," which they apparently

used to book "Business Class/Reserve Thruway seats" from Wilson, North Carolina, to

Washington, D.C.  *See id.* (Compl. ¶¶ 10–11).  Their complaint focuses on an incident that

allegedly occurred during that trip.  *Id.* (Compl. ¶ 12).

According to the complaint, "[s]hortly after the train left Wilson, [North Carolina],"

Plaintiffs were "ordered to leave their seats" by an Amtrak employee who "insisted that they

were not in the correct seats."  *Id.* at 3 (Compl. ¶ 13).  The Amtrak employee then took them "to

a private area away from other passengers and interrogated [them] for approximately 25

minutes."  *Id.*  Plaintiffs were eventually "informed that there had been a staff error, that they

were originally in the proper seats, and that [they] could . . . return to [their seats]."  *Id.*  Perhaps

to make up for the inconvenience caused by the incident, an Amtrak employee offered Plaintiffs

"discounted tickets," but Plaintiffs "refused" the offer.  *Id.*

On August 9, 2019, Plaintiffs brought suit, seeking $250,000 in compensatory damages as well as punitive damages for the pain, "humiliation[,] and embarrassment" that they allegedly suffered due to the incident. *Id.* at 3–4 (Compl. ¶¶ 14–15,18). On November 6, 2019, Amtrak moved to dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), arguing that the complaint does not provide fair notice of Plaintiffs' claims and, in any event, fails to state a claim. Dkt. 8-1 at 3–8. Amtrak also moves to dismiss Johnson's claim on the ground that Jenkins is not a lawyer and cannot bring claims on behalf of other persons and that, even if Jenkins could do so, a conflict of interest would preclude Jenkins from acting on behalf of Johnson. *Id.* at 8–9.

On November 8, 2019, the Court issued a *Fox*/*Neal* order advising Plaintiffs of the pending motion to dismiss, explaining their obligation to respond to the motion, cautioning them that the failure to respond might result in the Court treating the motion as conceded or in dismissal, and directing Plaintiffs to respond to the motion on or before December 6, 2019. Dkt. 9. On January 6, 2019, a month after Plaintiffs' response was due, Amtrak filed a supplemental brief, arguing that the Court should dismiss the case for failure to prosecute because Plaintiffs had not filed a response. Dkt. 10. The next day, the Court issued an order advising Plaintiffs that the deadline to respond to Amtrak's motion to dismiss had passed and directing them to "inform the Court whether they intend[ed] to pursue th[e] case." Minute Order (Jan. 7, 2020). The Court, once more, cautioned Plaintiffs that failure to comply with the order "may result in the Court treating the motion to dismiss as conceded" and also warned them that failure to respond could result in the case being dismissed "for failure to prosecute." *Id.* To date, Plaintiffs have not notified the Court whether they intend to pursue the case or taken any other action in the case.

## II.  LEGAL STANDARDS

Although pleadings by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  "Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."  *Shipman v. Amtrak*, No. 19-cv-04, 2019 WL 4889246, at *1 (D.D.C. Oct. 3, 2019) (citing Fed. R. Civ. P. 8(a)).  The Rule is designed to "give the defendant notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Rule 12(b)(6), in turn, is designed to "test[] the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although "detailed factual allegations" are not required, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  In assessing a Rule 12(b)(6) motion, a court may consider only "the facts contained within the four corners of the complaint," *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp.

Case 1:19-cv-02414-RDM   Document 11   Filed 07/14/20   Page 5 of 10


2d 24, 28 (D.D.C. 2006), along with "any documents attached to or incorporated into the

complaint, matters of which the court may take judicial notice, and matters of public record,"

*United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 193 (D.D.C. 2011).

### III.  ANALYSIS

The Court starts with Plaintiffs' failure to file an opposition brief, which Amtrak

contends warrants dismissal.  *See* Dkt. 10 at 2.  Local Rule 7(b) permits a court to "treat . . . as

conceded" a motion not met with a timely opposing memorandum of points and authorities.

Local Civ. R. 7(b).  In recent years, the D.C. Circuit has "raised concerns . . . about the use of

Local Civil Rule 7(b) to grant an unopposed motion[] to dismiss."  *Chandler v. Fed. Bureau of

Prisons*, No. 16-cv-0709, 2017 WL 318627, at *1 (D.D.C. Jan. 23, 2017) (citing *Cohen v. Bd. of

Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016)).  Although the

D.C. Circuit has "upheld district courts' application of Local Rule 7(b) to grant unopposed

motions to dismiss complaints with prejudice under Federal Rule 12(b)(6)," it has expressed

"concerns about that precedent," noted "the tension between Local Rule 7(b) and Federal Rule

12(b)(6)," and observed that "most circuits that have considered the application of similar local

rules in this context prohibit district courts from granting a motion to dismiss solely because the

plaintiff failed to respond."  *Cohen*, 819 F.3d at 480–81.  Most importantly, the Court of Appeals

has stressed that dismissal under Local Rule 7(b) runs counter to the "weighty preference in

favor or deciding cases on their merits."[1]  *See id.* at 483.  In light of these concerns, and in an

---

[1]  Three factors distinguish *Cohen* from this case.  First, in *Cohen*, although the plaintiff missed
the deadline to file an opposition to the motion to dismiss, he "later sought an extension of time
to respond, filed an opposition, and moved to amend his complaint."  *Cohen*, 819 F.3d at 481.
Here, in contrast, Plaintiffs have wholly failed to take any action even months after the Court
cautioned them about the potential consequences of failing to respond.  *Cf. id.* at 483
("In *Fox,* counsel had failed to respond *at all* to the motion to dismiss for the eight months that
preceded the district court's dismissal of the complaint." (emphasis in original).  Second, in

abundance of caution, the Court will address the merits of the pending motion rather than grant it as conceded.

Plaintiffs' complaint fails to satisfy Rules 8(a) and 12(b)(6).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  At less than four pages in substance, no one can fault Plaintiffs' complaint for being "unnecessarily lengthy."  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 414 (D.D.C. 2017).  But what the complaint features in brevity, it lacks in clarity.  Under the "Legal Claims" sub-heading, for example, the complaint asserts only that relief is sought because of Amtrak's "continuing, ongoing tort, done purposefully and knowingly" and that Amtrak's employees exhibited "deliberate and wanton negligence."  Dkt. 1 at 4 (Compl. ¶ 18).  Plaintiffs do not identify any duty sounding in tort, and the complaint's factual allegations do little to clarify the legal basis for Plaintiffs' claims.  Elsewhere, Plaintiffs gesture at asserting claims under federal statutory law, alleging, for example, that jurisdiction is proper under "42 U.S.C. §§ 1981, 1983, 12101, *et seq.*"  *See id.* at 1 (Compl. ¶ 1).  But the complaint is devoid of factual allegations that might support a claim under any of those statutes.  As a result, the Plaintiffs have "failed to provide Amtrak or the Court with notice of the claims [they] intend[] to assert or the grounds on which those claims rest," and dismissal is proper under Rule 8.  *Shipman*, 2019 WL 4889246, at *2.

---

*Cohen* the district court dismissed the case with prejudice, which, as the D.C. Circuit observed, raises unique concerns.  *See id.* (noting that generally "heightened protections attach when courts dismiss cases with prejudice").  Third, in this case, after Plaintiffs failed to heed the Court's admonition regarding the need to respond to Amtrak's motion, the Court ordered Plaintiffs to inform the Court whether they intend to pursue this case, and they have wholly ignored that order as well.  Under these circumstances, the Court might, in its discretion, dismiss the action for failure to prosecute.

But even if the Court were to speculate about the claims Plaintiffs intend to assert, the

complaint nonetheless fails to state a claim under Rule 12(b)(6).  Read liberally (*see Erickson*,

551 U.S. at 94), the complaint might be read to assert one or more of five possible claims: that

Amtrak (1) discriminated against Plaintiffs in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12131 *et seq.*; (2) discriminated against Plaintiffs based on their race in

violation of 42 U.S.C. 1981; (3) deprived Plaintiffs of some right or privilege "secured by the

Constitution [or] laws," while acting under color of state law, in violation of 42 U.S.C. § 1983;

(4) subjected Plaintiffs to intentional infliction of emotional distress; or (5) falsely arrested

Plaintiffs.  Each of these claims is unavailing.

To start, the ADA has four Titles of which only one is even arguably relevant here.[2]

"Title II prohibits discrimination by public entities," *Alston v. District of Columbia*, 561 F. Supp.

2d 29, 37 (D.D.C. 2008), and expressly designates Amtrak as a "public entity," *see* 42 U.S.C.

12131(1)(c) (defining the term "public entity" to include "the National Railroad Passenger

Corporation").  To state a claim under Title II, a plaintiff must allege: (1) that he is a "qualified

individual with a disability;" (2) who "was either excluded from participation in or denied the

benefits of a public entity's services, programs, or activities, or was otherwise discriminated

against by the public entity;" and (3) that "such exclusion, denial of benefits, or discrimination

was by reason of his disability."  *Alston*, 561 F. Supp. 2d at 37.  Even assuming Plaintiffs are

---

[2]  Title I, which prohibits discrimination in employment, and Title IV, which contains
miscellaneous prohibitions, are plainly inapt.   *Alston*, 561 F. Supp. 2d at 37 n. 11 (citing 42
U.S.C. §§ 12203–10,12112).  Title III, which "prohibits discrimination in public
accommodations," *id.* (citing 42 U.S.C. § 12182), is inapt because it does not permit the recovery
of money damages, *see Reeves v. MV Transp., Inc.*, 845 F. Supp. 2d 104, 107 (D.D.C. 2012), and
because Plaintiffs do not allege that they face a "real and immediate threat that [they] will be
wronged again in the future," and thus lack standing to seek injunctive relief, *see Hollinger v.
Reading Health Sys.*, No. CV 15-5249, 2017 WL 429804, at *4 (E.D. Pa. Jan. 31, 2017).

qualified individuals with a disability and that the 25-minute incident alleged in their complaint

qualifies an exclusion or denial of services or benefits, the complaint still fails to state a claim

because it is devoid of any allegations even suggesting that Plaintiffs were discriminated against

"by reason" of their disability.

To the extent Plaintiffs intend to allege claims under § 1981 and § 1983, those claims fare

no better.  To state a claim under § 1981, a plaintiff must allege that the defendant discriminated

against the plaintiff "because of his race, national origin, or ethnic background." *Mesumbe v.*

*Howard Univ.*, No. 10-7067, 2010 WL 4340401, at \*1 (D.C. Cir. Oct. 19, 2010).  As Amtrak

observes, the complaint contains no allegations concerning race, national origin, or ethnic

background. *See* Dkt. 8-1 at 6.  Section 1983, in turn, requires that a plaintiff allege "the

violation of a federal right." *See Duberry v. District of Columbia*, 824 F.3d 1046, 1051 (D.C.

Cir. 2016).  The complaint alleges no such violation.

To the extent Plaintiffs intend to assert common law tort claims, they have failed to do

so.[3]  "To recover on a claim for intentional infliction of emotional distress, a plaintiff must

demonstrate 'extreme and outrageous conduct which intentionally or recklessly caused severe

emotional distress.'"[4] *Rogala v. District of Columbia*, 161 F.3d 44, 57–58 (D.C. Cir. 1998)

---

[3] The Court has jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1349 because Amtrak "was established by an Act of Congress and has over one-half of its stock owned by the United States." *Kennedy v. Boardman*, 233 F. Supp. 3d 117, 120 (D.D.C. 2017) (citing *Amtrak v. Lexington Ins. Co.*, 365 F.3d 1104, 1105 (D.C. Cir. 2004)); *Henderson v. Amtrak*, 412 Fed. Appx. 74, 77 (10th Cir. 2011) ("[F]ederal courts have jurisdiction over all cases involving Amtrak, regardless of the cause of action." (quoting *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 758 n. 1 (7th Cir. 2003)).

[4] At the time of the incident, Plaintiffs had recently boarded a train in Wilson, North Carolina, that was headed to the District of Columbia.  Dkt. 1 at 2 (Compl. ¶ 10).  Accounting for those facts and taking judicial notice of the country's geography, Fed. R. Evid. 201, the incident likely occurred either in North Carolina, Virginia, or the District of Columbia.  Amtrak nonetheless assumes, without discussion, that District of Columbia law governs. *See* Dkt. 8-1 at 5.  For

(quoting *Jackson v. District of Columbia*, 412 A.2d 948, 956–57 (D.C. 1980)).  "The conduct

must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency.'"  *Id.* (quoting *Jackson*, 412 A.3d at 957).  Even construing Plaintiffs'

allegations in a light most favorable to them, the alleged conduct is not sufficiently outrageous or

extreme to state a claim for intentional infliction of emotional distress.  At most, Plaintiffs have

alleged that Amtrak's employees mistakenly required them to leave their seats (and questioned

them) for a period of twenty-five minutes and, after discovering their errors, allowed them to

return to their original seats.  *See* Dkt. 1 at 3 (Compl. ¶ 13).  Those alleged "mistakes and

missteps" fall far short of the egregious and outrageous conduct required for an intentional

infliction of emotional distress claim to "survive at the pleadings stage."  *Paavola v. United

States*, No. 19-1608, 2020 U.S. Dist. LEXIS 75131, at *39 (D.D.C. Apr. 29, 2020).

Finally, a letter attached to the complaint suggests that Plaintiffs might intend to assert "a

claim for false arrest."  Dkt. 1-1 at 3.  To the extent Plaintiffs intend to bring such a claim, that

effort fails too.  "To support a claim of false arrest under District of Columbia law, [a] plaintiff

must allege that he was unlawfully detained."[5]  *Olaniyi v. District of Columbia*, 763 F. Supp. 2d

---

present purposes, the Court need not determine whether that assumption is correct because
regardless of whether the law of the District, Virginia, or North Carolina governs, Plaintiffs must
allege that the defendant committed "extreme and outrageous conduct."  *See Gilmore v. Jones*,
370 F. Supp. 3d 630, 680 (E.D. Va. 2019); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d
533, 544 (E.D.N.C. 2008).

[5] As with Plaintiffs' intentional infliction of emotional distress claim, the tort of false arrest does
not differ in material respects under D.C., Virginia, and North Carolina law.  *See Jackson v.
Brickey*, 771 F. Supp. 2d 593, 605 (W.D. Va. 2011) (under Virginia law, the torts of false arrest
and false imprisonment are interchangeable and defined as "the direct restraint by one person of
the physical liberty of another without adequate legal justification" (quoting *Jordan v. Shands*,
S.E.2d 215, 218 (Va. 1998)); *McClain v. Cumberland Cty.*, No. 97-cv-737, 1998 U.S. Dist.
LEXIS 18592, at *11 (E.D.N.C. Oct. 16, 1998) ("In North Carolina, false imprisonment is (1)
the illegal restraint of another (2) against his will (3) by force or threat of force.").

70, 93 (D.D.C. 2011); *see also Dormu v. District of Columbia*, 795 F. Supp. 2d 7, 27 (D.D.C.

2011) ("Under District of Columbia law, "'[f]alse arrest is indistinguishable as a practical matter

from the common law tort of 'false imprisonment.'" (quotation omitted)).  Here, Plaintiffs do not

allege that they were unlawfully detained.  Instead, they allege only that Amtrak employees

moved them "to a private area away from other passengers" and later returned them to their seats

upon learning "that there had been a staff error."  Dkt. 1 at 3 (Compl. ¶ 13).  Although a moving

train presents obvious hurdles to those intent on leaving, the complaint does not allege that

Plaintiffs were restrained or held against their will, and directing that a customer leave his or her

assigned seat (even if the seat was lawfully purchased) does not amount to false arrest.

Having concluded that Plaintiffs' claims must be dismissed for failure to comply with

Rules 8 and 12, the Court need not and does not address Amtrak's alternative arguments

concerning Jenkins's ability to represent or to bring claims on behalf of Johnson.  Dkt. 8-1 at 8–

9.

## CONCLUSION

For these reasons, the Court will **GRANT** Amtrak's motion to dismiss, Dkt. 8, and will

**DISMISS** Plaintiffs' complaint.  Plaintiffs may file an amended complaint on or before August

4, 2020.  If Plaintiffs do not file an amended complaint by that date, the Court will enter final

judgment dismissing this action at that time.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 14, 2020